Jack **MCLAURIN**, Plaintiff–Appellant,

v.

Russ **COLE**, Defendant–Appellee.

No. 01–1410.

United States Court of Appeals, Sixth Circuit.

Sept. 5, 2002.

Before RYAN and BOGGS, Circuit Judges, and HAYNES, District Judge.*

RYAN, Circuit Judge.

The question presented is whether there is a sufficient evidentiary basis for a jury to conclude that Michigan Department of Corrections (MDOC) officer Russ Cole violated inmate Jack McLaurin's First Amendment rights when Cole issued a misconduct ticket to McLaurin. McLaurin claims that Cole issued the misconduct ticket solely in retaliation for a grievance McLaurin had filed against Cole. Cole claims that he was not motivated by the grievance, and, in any case, that he is entitled to qualified immunity.

For the following reasons, we **AFFIRM** the district court's judgment granting Cole's motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50.

## I.

### BACKGROUND

#### A. Factual Background

The relevant facts of this case are set forth in *McLaurin v. Cole,* 115 F.3d 408 (6th Cir.1997), *vacated,* 202 F.3d 269 (6th Cir.1999):

McLaurin is serving a life term in the custody of the Michigan Department of Corrections ("MDOC") at the State Pris-

on of Southern Michigan ("SPSM") in Jackson, Michigan. On August 9, 1991, SPSM officers ordered an emergency count of the inmates just as McLaurin was preparing to take a shower. Upset because of his inability to take a shower, McLaurin struck the fire extinguishing sprinkler in his cell with a shoe, causing his cell to flood. McLaurin was immediately moved to a "quiet cell" for two hours. Following his release from the "quiet cell," McLaurin returned to his cell and allegedly discovered that his legal materials were covered with shampoo and butter. McLaurin later climbed on top of a basketball support in the recreation yard and refused to come down. He was eventually subdued and moved to a cell in SPSM's administrative segregation unit. McLaurin subsequently filed a grievance against Cole for his role in the sprinkler incident.

While housed in the administrative segregation unit, McLaurin demanded his prayer rug and fez. When Cole refused McLaurin's request (because prisoners in administrative segregation are not permitted to possess such items pursuant to MDOC policy), McLaurin purportedly beat his chest and cell window with his hands, kicked the door to his cell, and repeatedly threatened to kill Cole. Cole subsequently issued McLaurin a "misconduct ticket" for his threatening behavior. McLaurin, however, asserts that Cole issued the "misconduct ticket" solely in retaliation for the grievance that McLaurin filed against Cole days earlier.

*Id.* at 409.

#### B. Procedural Background

Based on the above-stated events, McLaurin filed a 42 U.S.C. § 1983 action

---

* The Honorable William J. Haynes, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

against four MDOC officers, seeking damages for "psychological distress, anxiety, mental anguish, [and] physical anguish." Specifically, McLaurin alleged that the "Defendants denied [McLaurin] access to the court, the right to practice his religion, medical treatment, [and] retaliation [as] assured by the First[ ], Eighth[ ], and Fourteenth[ ] Amendments."

The district court dismissed McLaurin's claims against three of the four named officers, but denied Cole's motion for summary judgment with respect to McLaurin's retaliation claim.

At trial, and after McLaurin presented his case, the district court granted Cole's motion for judgment as a matter of law, pursuant to Federal Rule of Civil Procedure 50, because Cole's conduct did not "shock the conscience" of the court. McLaurin appealed that determination to this court and a divided panel affirmed the district court's dismissal for two primary reasons: first, "[b]ecause McLaurin failed to prove that his filing of the grievance was a substantial or motivating factor behind Cole's issuance of the misconduct ticket"; and second, "because Cole's actions were not shocking to the conscience." *Id.* at 411. One judge, the author of this opinion, disagreed that the majority's "shock the conscience" standard was the proper test for resolving the case, but agreed that McLaurin "failed to present any evidence whatsoever that his filing of a grievance played any role in the defendant's decision to issue a misconduct ticket." *Id.* at 413 (Ryan, J., concurring).

McLaurin filed a petition for rehearing *en banc*, which was pending when this court decided *Thaddeus–X v. Blatter*, 175 F.3d 378 (6th Cir.1999), a case that established a three-part test to determine whether a plaintiff has suffered an actionable constitutional violation resulting from the exercise of a protected First Amendment right. *Id.* at 394. After the *en banc* court issued its decision in *Thaddeus–X*, the original panel in McLaurin's case vacated its judgment and remanded the case to the district court for reconsideration in light of *Thaddeus–X*. Cole then filed a renewed motion for judgment as a matter of law, arguing that McLaurin had not established a constitutional violation and, in any case, that the doctrine of qualified immunity shielded Cole from liability. The district court granted Cole's Rule 50 motion.

On this appeal, McLaurin argues that the district court erred in two respects: first, in concluding that McLaurin had not established a constitutional violation; and second, in concluding that Cole is entitled to qualified immunity.

## II.

## DISCUSSION

### A. Standard of Review

This court reviews a district court's decision granting a motion for judgment as a matter of law, brought pursuant to Federal Rule of Civil Procedure 50, *de novo*. *Brickers v. Cleveland Bd. of Educ.*, 145 F.3d 846, 849 (6th Cir.1998). We must view the evidence in a light most favorable to the nonmoving party and give the nonmovant the benefit of all reasonable inferences. *Id.* " 'Only when it is clear that reasonable people could come to but one conclusion from the evidence should a court grant a motion for [judgment as a matter of law].' " *Wayne v. Village of Sebring*, 36 F.3d 517, 525 (6th Cir.1994) (quoting *Lewis v. City of Irvine*, 899 F.2d 451, 454–55 (6th Cir.1990)). Accordingly, judgment as a matter of law is appropriate "[i]f during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on

that issue ... [and if the] claim or defense [ ] cannot under the controlling law be maintained or defeated without a favorable finding on that issue." FED. R. CIV. P. 50(a).

## B. Analysis

### 1. Failure to Provide a Trial Transcript

■ Preliminarily, we will briefly address Cole's argument that McLaurin's appeal should be dismissed because McLaurin failed to provide a trial transcript to support his claim that the district court erred in finding that the evidence was insufficient to prove that Cole's motivation in issuing the misconduct ticket was the grievance McLaurin filed against him.

Federal Rule of Appellate Procedure 10(b)(2) states that "[i]f the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all evidence relevant to that finding or conclusion." FED. R. APP. P. 10(b)(2). Moreover, in lieu of a trial transcript, parties may, pursuant to Rule 10(d), "prepare, sign, and submit to the district court a statement of the case showing how the issues presented by the appeal arose and were decided in the district court." FED. R. APP. P. 10(d).

The purpose of these rules is to enable an appellate court to conduct an informed and meaningful review. However, we have not required a transcript or a Rule 10(d) statement where the appellees are neither misled nor prejudiced by the appellant's failure to provide a trial transcript or statement of the case. *See Island Creek Coal Co. v. Local Union No. 1827*, 568 F.2d 7, 8 (6th Cir.1977).

Cole's brief to this court indicates that he agrees with the statement of facts and description of the district court proceedings with respect to the issues presented, as stated in McLaurin's brief. Moreover, our independent review of the record satisfies us that we have a sufficient record to properly review the questions presented, without the aid of a verbatim trial transcript. Therefore, Cole's motion to dismiss the appeal is denied.

### 2. The Rule 50 Motion

As we have indicated, McLaurin's principal claim is that the district court committed two errors when it granted Cole's Rule 50 motion: its determination that no constitutional violation occurred; and its conclusion that Cole is entitled to qualified immunity. Actually, the first issue—whether a constitutional violation occurred—is subsumed in the second—whether Cole is entitled to qualified immunity.

When acting in a discretionary role, government officials are entitled to qualified immunity unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). A clearly established right is one that is "sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987). "In other words, 'in the light of pre-existing law[,] the unlawfulness must be apparent.'" *Noble v. Schmitt*, 87 F.3d 157, 161 (6th Cir.1996) (quoting *Anderson*, 483 U.S. at 640). The doctrine of qualified immunity does not offer a safe-haven to government officials who are "plainly incompetent or [to] those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986).

In *Williams v. Mehra,* 186 F.3d 685 (6th Cir.1999) (*en banc*), this court outlined a tripartite inquiry for evaluating a claim of qualified immunity:

> *First,* we determine whether a constitutional violation occurred; *second,* we determine whether the right that was violated was a clearly established right of which a reasonable person would have known; *finally,* we determine whether the plaintiff has alleged sufficient facts, and supported the allegations by sufficient evidence, to indicate that what the official allegedly did was objectively unreasonable in light of the clearly established constitutional rights.

*Id.* at 691 (citing *Dickerson v. McClellan,* 101 F.3d 1151, 1157–58 (6th Cir.1996)) (emphasis added). Our first inquiry, therefore, is whether a constitutional violation has occurred.

#### a. Whether a Constitutional Violation has Occurred

In *Thaddeus–X,* 175 F.3d 378, this court established that in order to prove a constitutionally actionable retaliation claim, a plaintiff must show three things: "(1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by the plaintiff's protected conduct." *Id.* at 394.

The parties agree that *Thaddeus–X* enunciates the applicable law in this circuit for retaliation claims. The parties disagree, however, whether the rule stated in *Thaddeus–X* was "clearly established" when Cole issued the misconduct ticket in question in 1991. However, this is a controversy without consequence. The question whether the criteria for establishing a cause of action as enunciated in *Thaddeus–X* were clearly established in 1991 is relevant only *after* McLaurin has shown that a constitutional violation has occurred. *See McCloud v. Testa,* 227 F.3d 424, 432 (6th Cir.2000); *see also Daugherty v. Campbell,* 935 F.2d 780, 783 (6th Cir.1991).

■ Assuming, without deciding, that the evidence shows that McLaurin was engaged in protected conduct and that Cole took an adverse action against McLaurin that would have deterred a person of ordinary firmness from continuing to engage in that conduct, we nevertheless agree with the district court that McLaurin failed to prove the requisite causal connection between the protected conduct and the adverse action; that is, that a constitutional violation occurred. Indeed, McLaurin presented no evidence to indicate that his filing the grievance against Cole was a motivating factor in Cole issuing the misconduct ticket. *See Thaddeus–X,* 175 F.3d at 399. In affirming the district court's original dismissal of McLaurin's retaliation claim, the panel concluded:

> Because McLaurin *failed to prove that his filing of the grievance was a* substantial or *motivating factor* behind Cole's issuance of the misconduct ticket, . . . the district court properly dismissed McLaurin's retaliation claim against Cole.

*McLaurin,* 115 F.3d at 411 (emphasis added). The concurring opinion agreed with this conclusion and added that McLaurin "failed to present *any evidence whatsoever* that his filing of a grievance played *any role* in the defendant's decision to issue a misconduct ticket." *Id.* at 413 (Ryan, J., concurring) (emphasis added). Nothing has changed. McLaurin has not suggested on this appeal that there is any evidence in the record that was not before the district court and this court the first time around to improve the strength of his cau-

sation argument and, therefore, we have no basis to disturb our original conclusion.

Because McLaurin has produced no evidence to support a finding that a constitutional violation has occurred, it is not necessary to consider the other two steps of the qualified immunity inquiry, namely—"whether the right that was violated was a clearly established right," and "whether the plaintiff has alleged sufficient facts, and supported the allegations by sufficient evidence, to indicate that what the official allegedly did was objectively unreasonable in light of the clearly established constitutional rights." *See Mehra*, 186 F.3d at 691.

### III.

### CONCLUSION

For the foregoing reasons, we **AFFIRM** the judgment of the district court.